CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 2 8 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TEXTRON FINANCIAL CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> AMERICAN LEGEND CUSTOM CYCLES, LLC, ET AL., <br><br> *Defendants.* | CIVIL NO. 6:08cv00041 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motion for default judgment [docket no. 13] on the issue of Defendants' liability under Counts I, III and IV of the Complaint. "Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, entry of default judgment is committed to the discretion of the court. *See Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

The Court has examined the pleadings, the service of process, and the rest of the record in this case. The Plaintiff filed its Complaint on November 24, 2008, and served all of the Defendants with process on December 18, 2008. The Defendants had until January 7, 2009 to answer or otherwise respond to the Complaint. To date, none of the Defendants have appeared, answered the Complaint, or otherwise defended this action. Therefore, the Defendants are in default.

Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001) ("default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover") (*quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983).

The Plaintiff alleged in its verified Complaint that Defendant American Legend defaulted on its obligations under a financing agreement with the Plaintiff, and that Defendants Ricky Vance and Robin Vance defaulted on their obligations as guarantors of American Legend's debt. The financing agreement was for American Legend's purchase of several custom motorcycles, and to secure the agreement, the Plaintiff obtained a security interest in various assets of American Legend, including inventory, accounts, cash, personal property, and other items. Defendants Mr. and Mrs. Vance each signed an agreement personally guaranteeing the debt. American Legend then defaulted on the obligation by failing to make the payments required under the agreement, and by making sales of the collateral in violation of the agreement. The Plaintiff notified Defendants that they were in default and requested that the Defendants voluntarily surrender the property, but the Defendants failed to do so. The Plaintiff then sought and obtained a writ of attachment from this Court, which was subsequently executed.

Taking the factual allegations in Plaintiff's verified Complaint as true, the Court finds that American Legend breached the security agreement, and that Defendants Mr. and Mrs. Vance are liable for American Legend's debt as guarantors. Given that Plaintiff's well-pleaded complaint establishes the Defendants' liability, and that the Defendants have been entirely unresponsive in this case, default judgment is appropriate. *See, e.g., Essex v. Randall*, 2005 WL

600335, *4 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Accordingly, Plaintiff's motion for default judgment on the issue of liability under Counts I, III, and IV of the Complaint will be granted.

The Plaintiff stated in the instant motion that it has yet to dispose of the collateral that has been seized. Therefore, a calculation of damages is not appropriate at this time. Once the Plaintiff has disposed of the collateral, it shall file a motion for entry of final default judgment, which sets out in detail the amount it claims in damages, as well as costs and any applicable interest. The proposed order shall be supported by competent evidence as required by the Rules of Civil Procedure and applicable law.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to the Defendants.

ENTERED: This 28th Day of January, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE